### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**                                                                        **NO.  3:19-CR-65-10**

**MICHAEL WILLIE**

### ORDER

Michael Willie is charged with three counts of committing racketeering crimes of assault and conspiracy to murder arising from his gang membership and affiliation.  He seeks dismissal of all counts for lack of jurisdiction, arguing that the crimes charged were not committed in this judicial district and that there is no evidence he was associated with any gang or criminal organization.  Because the crimes charged against Willie are continuing offenses with conduct alleged to have occurred in this judicial district, pursuant to him maintaining and increasing his position in a gang, his pretrial motion to dismiss will be denied.

### I
### Procedural History

On December 4, 2019, Michael Willie, Latroy Daniels, and Gregory Moffett were named in a three-count superseding indictment charging crimes of racketeering arising from their membership and association with "the Gangster Disciples, a criminal organization engaged in drug trafficking, money laundering, extortion, and acts of violence including murder and attempted murder … operat[ing] in the Northern District of Mississippi and elsewhere."[1]  Doc. #154 at PageID #397.  According to the superseding indictment, the Gangster Disciples operate in correctional facilities and "have a detailed and uniform organizational structure;" and Willie,

---

[1] The original indictment in this case charged seven different defendants for similar crimes based on membership and association with the "Simon City Royals, a criminal organization engaged in narcotics distribution, firearms trafficking, and acts of violence involving murder, attempted murder, and assault."  Doc. #1.

Daniels, and Moffett sit on the "VIP Facility Board" at the East Meridian Correctional Facility, a state prison in Meridian, Mississippi. *Id.* at PageID ##398–400.

Count One of the superseding indictment charges a Gangster Disciples-related assault against "C.B.":

> On or around May 15, 2018, in the Northern District of Mississippi and elsewhere, for the purposes of maintaining and increasing position in the Gangster Disciples, an enterprise engaged in racketeering activity, the defendants, LATROY DANIELS, GREGORY MOFFETT, and MICHAEL WILLIE, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly assault C.B. with a dangerous weapon, which resulted in serious bodily injury, in violation of Mississippi Code Annotated, Section 97-3-7; all in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

*Id.* at PageID #404. Count Two charges a Gangster Disciples-related assault against "D.R.":

> On or around May 15, 2018, in the Northern District of Mississippi and elsewhere, for the purposes of maintaining and increasing position in the Gangster Disciples, an enterprise engaged in racketeering activity, the defendants, LATROY DANIELS, GREGORY MOFFETT, and MICHAEL WILLIE, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly assault D.R. with a dangerous weapon, which resulted in serious bodily injury, in violation of Mississippi Code Annotated, Section 97-3-7; all in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

*Id.* And Count Three charges a Gangster Disciples-related conspiracy to murder C.B. and D.R.:

> On or around May 15, 2018, in the Northern District of Mississippi and elsewhere, for the purposes of maintaining and increasing position in the Gangster Disciples, an enterprise engaged in racketeering activity, the defendants, LATROY DANIELS, GREGORY MOFFETT, and MICHAEL WILLIE, did knowingly and intentionally combine, conspire, confederate, and agree to murder D.R. and C.B., in violation of Mississippi Code Annotated Sections 97-3-7 and 97-1-1; all in violation of Title 18, United States Code, Section 1959(a)(5).

*Id.* at PageID #405.

On April 2, 2020, Willie filed a motion to dismiss the superseding indictment for lack of jurisdiction. Doc. #273. The government responded in opposition to the motion six days later. Doc. #274.

2

**II**
**Analysis**

Willie argues dismissal for lack of jurisdiction is warranted because "[t]hough producing thousands of pages of discovery and hours of video, the Government certainly cannot prove that any of the alleged acts which form any of the three counts in the Superseding Indictment occurred in the Northern District of Mississippi." Doc. #273 at 3.

"Subject matter jurisdiction, or the court's power to hear a case, is straightforward in the criminal context." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (cleaned up). "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Thus, "[a] federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes." *Scruggs*, 714 F.3d at 262 (cleaned up). Because there can be no dispute that the superseding indictment charges Willie with a crime described in Title 18, his jurisdictional argument is without merit.

While subject matter jurisdiction is indisputably present, "[t]he right of a federal criminal defendant to be tried in the district in which the crime was committed is guaranteed by Article III, Section 2, Clause 3 of the United States Constitution; the Sixth Amendment; and Rule 18 of the Federal Rules of Criminal Procedure." *United States v. Romans*, 823 F.3d 299, 315 (5th Cir. 2016). This right implicates two legal inquiries—the existence of "territorial jurisdiction" and the propriety of venue. *Id*. at 316.

Territorial jurisdiction asks whether the criminal statute charged in the indictment reaches the territory where the charged conduct occurred. *See United States v. Ayesh*, 762 F. Supp. 2d 832, 835–36 (E.D. Va. 2011). In conducting this inquiry, "statutes are presumed to apply to offenses

3

committed anywhere in the territorial jurisdiction of the United States" but are "presumed not to apply extraterritorially." *Id.* Accordingly, territorial jurisdiction generally "is proper where the offense, or part of the offense, occurred within the United States." *Id.* at 836.

Venue refers to whether the criminal statute at issue authorizes prosecution in the district of indictment. *See United States v. Strain*, 396 F.3d 689, 693 (5th Cir. 2005). When evaluating venue, the Court must perform a two-step inquiry. *United States v. Clenney*, 434 F.3d 780, 781 (5th Cir. 2005). First, the Court "must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *Id.* If the crime is a continuing offense and the statute does not specify a venue, a proper venue is "any district in which such offense was begun, continued, or completed." *United States v. Rounds*, 749 F.3d 326, 335 (5th Cir. 2014) (citing 18 U.S.C. § 3237(a)). This test may be satisfied by a "*single act* that was part of the beginning, continuation, or completion of the crime." *Id.*

"Both venue and territorial jurisdiction of a federal district court in criminal cases depend on some part of the criminal activity having occurred within its territory." *United States v. Luton*, 486 F.2d 1021, 1022 (5th Cir. 1973). While the two requirements are "essential elements" of a crime, they must be proven only by a preponderance of the evidence. *Romans*, 823 F.3d at 310. However, when raised in a pre-trial motion, the Court need only ask whether the allegations of the indictment, taken as true, satisfy the territorial jurisdiction and venue requirements. *See United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013) (motion to dismiss for improper venue); *Ayesh*, 762 F. Supp. 2d at 842 (motion to dismiss for lack of territorial jurisdiction). Accordingly, to the extent Willie contends dismissal is justified by a lack of evidence, his argument is without merit, as the Court need only look at the allegations of the indictment.

In this case, Willie is charged with three counts of violating 18 U.S.C. § 1959, also known

as the Violent Crimes in Aid of Racketeering Act ("VICAR"). Doc. #154 at PageID ##404–05. The conduct underlying these counts are the charges of general racketeering activities of the Gangster Disciples, including Willie as a member, as to the assault on C.B. in Count One, the assault on D.R. in Count Two, and the conspiracy to murder C.B. and D.R. in Count Three. *Id*. Willie contends that his motion to dismiss must be granted because "[a]ll allegations occurred at East Mississippi Correctional Facility … which is in the Southern District of Mississippi." Doc. #273 at 1.

To the extent Willie concedes that at least some of the relevant conduct occurred in the Southern District of Mississippi, he concedes that at least part of the offenses, as charged, occurred in the United States. Dismissal for lack of territorial jurisdiction therefore is inappropriate.

Dismissal for improper venue is equally inappropriate. In a procedurally similar case, the Ninth Circuit considered whether venue was proper in a VICAR murder prosecution where the defendants argued that "venue was improper in the Central District of California because the alleged murders occurred at the Pelican Bay State Prison in the Northern District of California." *United States v. Stinson*, 647 F.3d 1196, 1203 (9th Cir. 2011). The Ninth Circuit explained why venue was proper:

> While the physical killing of Ruffo and Marsh occurred in the Northern District, the indictment charged that Stinson, "within the Central District of California" did "aid, abet, advice, encourage, and otherwise participate in the murder of Arthur Ruffo … [and] Aaron Marsh." The indictment therefore charged that the essential conduct element of committing a violent crime continued in the Central District. VICAR is consequently a continuing offense in this case. As a result, venue was proper in the Central District under 18 U.S.C. § 3237(a).

*Id*. at 1204. Courts applying *Stinson* have found venue proper in VICAR cases where the indictment charged aiding and abetting language within the district of prosecution. *See United States v. Garcia*, No. 11-cr-68, 2012 WL 6623984, at \*16 (D. Idaho Dec. 19, 2012).

5

Here, as in *Stinson*, the superseding indictment includes aiding and abetting language which refers to continuing conduct in the Northern District of Mississippi. Taking these allegations as true, including the allegation that Willie engaged in such acts "for the purposes of maintaining and increasing position in the Gangster Disciples," the Court concludes that, as charged, the VICAR offenses are continuing offenses with alleged conduct occurring in the Northern District of Mississippi.[2]

**III**
**Conclusion**

Willie's motion to dismiss [273] is **DENIED**.

**SO ORDERED**, this 7th day of May, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] In their submissions on the motion, the parties discuss *United States v. Owens*, an unpublished Fifth Circuit decision. In *Owens*, the Fifth Circuit held that because VICAR includes a racketeering enterprise element, venue was proper in a VICAR murder case where, based on the relevant evidence, "a reasonable jury could infer that the murder was done in aid of racketeering by a unified, state-wide organization and that venue was in the state where the [organization] primarily operated and the murder occurred." 724 F. App'x 289, 296 (5th Cir. 2018). Because *Owens* contains very little analysis on venue for the VICAR count and did not deal with a venue challenge to an indictment, the Court finds it largely unpersuasive.